IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRED W.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 22 C 3840 |
| v. | ) |
| | ) Magistrate Judge |
| KILOLO KIJAKAZI, Acting | ) Maria Valdez |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Fred W.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 10] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

## BACKGROUND

### I. PROCEDURAL HISTORY

On August 13, 2019, Plaintiff filed a claim for DIB, alleging disability since March 25, 2019. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on July 26, 2021, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On September 14, 2021, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of March 25, 2019. At step two, the ALJ concluded that Plaintiff had the following severe impairments: osteoarthritis and allied disorder. The ALJ concluded at step three that Plaintiff's

impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: can never climb ladders, ropes, or scaffolds; can occasionally reach overhead with the left upper extremity; and can never be exposed to hazardous machinery or unprotected heights. At step four, the ALJ concluded that Plaintiff would be unable to perform his past relevant work as a gas main fitter. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments

3

enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.  JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not

high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to

fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ did not properly consider the medical opinions of record; (2) the ALJ's evaluation of Plaintiff's subjective allegations was not supported by substantial evidence; and (3) the ALJ's finding that Plaintiff should be limited to occasional overhead reaching with his left upper extremity was not supported by substantial evidence. Each argument will be addressed below in turn.

#### A. The ALJ's Assessment of Dr. Dinesh Jain's Opinions

For his first argument, Plaintiff contends that the ALJ improperly discounted the opinions of Dr. Dinesh Jain, a State agency consultative examiner. Because Plaintiff filed his claim in 2019, the ALJ was required to evaluate the medical opinion evidence under regulations applicable to claims filed on or after March 27, 2017. 20 C.F.R. § 404.1520c (2017). Under these regulations, the ALJ "will not defer

6

or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c(a). An ALJ is instead required to articulate "how persuasive [she] find[s] all of the medical opinions and all of the prior administrative medical findings in [a claimant's] case record." 20 C.F.R. § 404.1520c(b). Factors to be considered in this evaluation include supportability, consistency, relationship with the claimant, specialization, and other factors that tend to support or contradict a medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(a), (c). Supportability and consistency are the two most important factors. 20 C.F.R. § 404.1520c(a); *see* 20 C.F.R. § 404.1520c(c)(2) ("The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."). An ALJ's decision must explain how she considered the factors of supportability and consistency, but she is not required to explain how she evaluated the other factors. 20 C.F.R. § 404.1520c(b)(2).

In his decision, the ALJ noted Dr. Jain's October 2019 opinion that Plaintiff "was limited to sitting to forty-five minutes and standing sixty minutes due to pain in the knees" and "[l]ifting and carrying to thirty pounds due to the pain in his left shoulder." (R. 22.) The ALJ further noted Dr. Jain's subsequent November 2020 opinion that Plaintiff "could sit twenty minutes due to knee pain, stand fifteen to twenty minutes due to knee and foot pain, walk one block due to knee and foot pain

7

[and] lift forty pounds on the rights side and twenty pounds on the left side." (*Id.* at 23.) The ALJ then ultimately assessed Dr. Jain's opinions as follows:

> The undersigned finds the opinions rendered by the State agency's internal medicine consultative examiner Dr. Jain in his medical source statements not as persuasive as the opinions of those by the State agency's. There are discrepancies in Dr. Jain's opinions and ambiguity on the basis for his opinions, which appear to be a recitation of the claimant's allegations. For example, Dr. Jain includes a "medical source statement" in each of his reports which should be his objective explanation of his opinion of the claimant's function. However, in both consultative examination reports it appears the limitations expressed in this section contain recitation of the claimant's reporting of his limitations. At best, the information is ambiguous and not consistent with the other evidence of record. Accordingly, the undersigned finds these opinions unpersuasive.

(*Id.* at 24 (citations omitted).)

So, in sum, the ALJ discounted Dr. Jain's opinions because they were ambiguous, unsupported by objective explanation, internally inconsistent, not consistent with other record evidence, and predicated on Plaintiff's own reporting of his limitations. Given the ALJ's explicit rationales, the Court finds that the ALJ properly assessed and explicated supportability and consistency in discounting Dr. Jain's opinions. *See* 20 C.F.R. § 404.1520c(b)(2).

Plaintiff argues that the ALJ "failed to evaluate Dr. Jain's opinions under the factor of supportability" and "was silent as to supportability entirely with respect to both of Dr. Jain's opinions." (Pl.'s Br. at 5.) Plaintiff's assertions in that regard are incorrect. The regulation does not require that specific terminology be used, and Plaintiff appears to be under the mistaken impression that an ALJ is obligated to use the word "supportability" in evaluating medical opinion evidence. Furthermore, as Defendant points out, "the ALJ correctly noted that Dr. Jain did not provide any

8

*objective* explanation to support his opinions" and "the ALJ plainly addressed this factor [of supportability] when he found that Dr. Jain failed to explain the basis for his opinions." (Def.'s Resp. at 7-8.) Plaintiff also takes issue with the ALJ's discounting of Dr. Jain's opinions on the basis that the opinions were based on Plaintiff's subjective reports. However, an ALJ may properly discount medical opinions that are based on subjective reports rather than objective evidence. *See Alvarado v. Colvin*, 836 F.3d 744, 748 (7th Cir. 2016); *White v. Barnhart*, 415 F.3d 654, 659 (7th Cir. 2005). Ultimately, the Court finds Plaintiff's first argument unavailing and must decline Plaintiff's general invitation to reweigh the evidence in relation to Dr. Jain's opinions, as that is an endeavor the Court cannot undertake. *See Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

### B. The ALJ's Evaluation of Plaintiff's Alleged Symptoms

For his second argument, Plaintiff contends that remand is required because the ALJ improperly discounted his subjective symptom allegations. In his decision, the ALJ described Plaintiff's alleged symptoms at length, noting Plaintiff's testimony that he had "achiness and pain [in] is feet, knees, and his left shoulder." (R. 20.) The ALJ further noted Plaintiff's reports that "[h]e is not able to lift more than twenty pounds with his left [] shoulder [and] has problems with his feet." (*Id.*) Additionally, the ALJ noted Plaintiff's allegations that "he has pain in his shoulder, which is ninety percent of the time" and "he has pain reaching overhead, in front, and to the side." (*Id.*) The ALJ ultimately assessed Plaintiff's allegations as follows:

> Overall, the longitudinal [] record shows that the claimant's physical impairments did not result in the degree of functional limitation alleged

9

> by the claimant. The record reflects that the claimant had minimal conservative treatment for his osteoarthritis and allied disorder[]. The claimant's examinations were mostly unremarkable. He was consistently noted to be in no acute distress. His primary care provider noted that the claimant was in his usual state of good health. He had normal gait. He had limited range of motion in his left shoulder and normal range of motion in his other extremities and normal strength in all extremities. He engaged in activities that were inconsistent with his alleged limitations such as walking for a prolonged period of time and installing shelves. His fiancé indicated that he rode motorcycles and did not state he no longer participated. The claimant also declined treatment of his impairments such as left shoulder replacement and ear tubes.

(*Id.* at 23 (citations omitted).)

This Court gives "the ALJ's credibility finding special deference and will overturn it only if it is patently wrong." *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017) (internal quotations and citation omitted). "[P]atently wrong . . . means that the decision lacks any explanation or support." *Murphy v. Colvin*, 759 F.3d 811, 816 (7th Cir. 2014) (citation omitted). Under that standard, the Court finds that, per the ALJ's explanation and support quoted above, the ALJ reasonably determined that Plaintiff's allegations were not fully corroborated. *See Prill v. Kijakazi*, No. 21-1381, 2022 U.S. App. LEXIS 1072, at *23 (7th Cir. Jan. 13, 2022) ("Substantial evidence supports the ALJ's determination that Prill's account of her subjective symptoms was not consistent with her medical records."); *Ray v. Saul*, 861 F. App'x 102, 107 (7th Cir. 2021) ("Because the ALJ's weighing of [claimant's] reported symptoms in the context of the whole record is supported by substantial evidence, we find no reversible error on this front either."); *Schrank v. Saul*, 843 F. App'x 786, 789 (7th Cir. 2021) ("[T]he ALJ's credibility determination was not 'patently wrong,' because she found [claimant] not credible for several reasons that

were adequately supported by the record.") (citation omitted); *cf. Lacher v. Saul*, 830 F. App'x 476, 478 (7th Cir. 2020) ("The ALJ's rationale here was thin, but it was adequate to reflect her conclusion that the objective medical evidence and Lacher's daily activities did not corroborate his subjective symptoms.").

In particular, Plaintiff challenges the ALJ's analysis concerning his activities of daily living.[2] Per the recitation above, the ALJ determined that Plaintiff's ability to walk for long distances and ride his motorcycle undermined the veracity of his statements. Plaintiff focuses on his motorcycle riding and asserts that "the ALJ neglected to note that, while [Plaintiff's] fiancé reported that he rode motorcycles, in his own Adult Function Report that he completed, [Plaintiff] stated that he no longer rode motorcycles due to his impairments." (Pl.'s Br. at 11.) The Court finds Plaintiff's challenge in that regard unavailing. The ALJ was not required to uncritically adopt Plaintiff's report and was entitled to consider Plaintiff's fiancé's statement (that Plaintiff engaged in a relatively strenuous activity) in evaluating the general veracity of Plaintiff's allegations.

Plaintiff also takes issue with the ALJ's consideration of his attempt to build shelves (a pursuit he had to abandon) and argues that "[a]n ALJ may not rely on ill-advised activities as evidence that contradicts a claimant's allegations." (*Id.* at 10-

---

[2] Plaintiff also takes issue with the ALJ's consideration of the fact that he elected not to undergo surgery. Plaintiff asserts that while "he may have declined surgical recommendation, the fact that he was recommended for surgery showed that there was an objective basis for his impairments that was both serious and persistent." (Pl.'s Br. at 12.) However, while Plaintiff faults the ALJ for not considering potential reasons he may have declined surgery, he fails to advance any such reasons or identify any evidence in the record where he gave reasons for declining surgery. Ultimately, the Court finds Plaintiff's argument concerning surgical intervention unavailing.

11

11.) As an initial matter, the ALJ correctly noted that Plaintiff had attempted to install shelves but aborted that attempt after experiencing an episode of vertigo. (R. 16.) So, Plaintiff's issue with respect to the shelving installation involved vertigo as opposed to an exacerbation of musculoskeletal pain. Furthermore, and in any event, the Court agrees with Defendant that "a reasonable person could find that plaintiff's choice to engage in [shelf building] contradicted his hearing allegations, especially where he alleged extreme reaching limitations in every direction." (Def.'s Resp. at 12-13.) Ultimately, Plaintiff has not shown that the ALJ's evaluation of his subjective symptoms was "patently wrong," as was Plaintiff's burden. *See Horr v. Berryhill*, 743 F. App'x 16, 19–20 (7th Cir. 2018).[3]

### C. The ALJ's Determination Regarding Plaintiff's Left Upper Upper Extremity Limitations

As stated above, in his RFC assessment, the ALJ limited Plaintiff to only occasional reaching overhead with the left upper extremity. For his last argument, Plaintiff devotes one paragraph to an assertion that "there was no evidentiary basis for assessing a limitation to occasional overhead reaching." (Pl.'s Br. at 15.) The Court rejects that argument. The ALJ found persuasive the opinions of the State agency medical consultants at the initial and reconsideration levels that Plaintiff was "limited in left overhead reaching." (R. 24.) The ALJ's restriction to only occasional reaching was consistent with those opinions. Furthermore, Plaintiff's

---

[3] Plaintiff argues that the ALJ improperly "ignored [his] consistent work history." (Pl.'s Br. at 13.) However, Plaintiff concedes that the ALJ is not "statutorily required to consider a claimant's work history." (*Id.*) The Court finds that the lack of a work history discussion in the ALJ's decision does not constitute a reversible error.

12

argument fails because, as Defendant points out, no doctor opined that Plaintiff was more limited in reaching than the ALJ found. *See Best v. Berryhill*, 730 F. App'x 380, 382 (7th Cir. 2018).

## CONCLUSION

For the foregoing reasons, the points of error raised by Plaintiff are not well taken. Accordingly, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 10] is denied.

**SO ORDERED.**      **ENTERED:**

**DATE:**    **May 4, 2023**      _____
                                                 **HON. MARIA VALDEZ**
                                                 **United States Magistrate Judge**